UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 99-8135 CIV-MORENO

MAGISTRATE JUDGE_____

GLOBE INTERNATIONAL, INC.,
a Canadian corporation,

    Plaintiff,

vs.

NATIONAL ENQUIRER, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Globe International Inc. ("Globe"), files this Complaint against Defendant, National Enquirer, Inc. ("National Enquirer" or "Defendant"), and in support of this Complaint alleges as follows:

### JURISDICTION AND VENUE

1. This Complaint is between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has jurisdiction over the subject matter of the above titled action pursuant to Section 1332 of Title 28 of the United States Code based upon diversity of jurisdiction.

2. Venue is proper in the Southern District of Florida and pursuant to Section 1391(a)(1) and (2) of Title 28 of the United States Code, in that the Defendant resides in this



District and the events and transactions giving rise to each of the claims alleged herein took place in this district.

## PARTIES

3.  Globe is a corporation organized and existing under the laws of Canada, with its principal place of business in Montreal, Quebec, Canada and is authorized to do business in the State of Florida.

4.  National Enquirer is a Florida corporation with its principal place of business in Palm Beach County, Florida.

## COMMON FACTUAL ALLEGATIONS

5.  In this action, Globe complains that the National Enquirer, deliberately and consciously plotted to harm its competitor, Globe, by inducing the source of one of the most successful tabloid articles in years, Suzen Johnson ("Johnson"), to breach a Confidentiality and Exclusivity Agreement ("Agreement") with Globe in which she promised to maintain her story in confidence and to provide details of her story exclusively to Globe.

6.  Pursuant to the Agreement and other agreements between Johnson and Globe, Globe published a series of exclusive articles in its magazine relating to Johnson's encounters with Frank Gifford ("Gifford") in a New York hotel room.

7.  On or about May 22, 1997, Globe and Johnson entered into the Agreement. A true and correct copy of the Agreement is attached to the original Complaint as Exhibit "1." Among other things, the Agreement provides that information concerning Johnson's relationship with former NFL football star Gifford, "including her business dealings with Globe relating to Frank Gifford," constitute the confidential, valuable, special, and unique assets of Globe.

Johnson agreed not to disclose such information for her or other parties' pecuniary benefit by interview or otherwise to anyone other than Globe.

8. Johnson expressly acknowledged that Globe's rights under the Agreement are of a "specialized and unique character" such that Globe will suffer immediate and irreparable damage and will be without an adequate remedy at law if Johnson fails to perform her obligations under the Agreement.

9. The parties to the Agreement further understood and recognized that only Globe, its affiliated companies and licensees would be entitled to publish stories about Johnson's relationship with Gifford, as well as Johnson's business dealings with Globe relating to Gifford. In addition, the Agreement affords Globe the right to have Johnson refrain from divulging certain confidential information that would include Globe's method of doing business, Globe's payments to sources and other proprietary information.

10. Based on information provided by and through Johnson, Globe obtained credible evidence that Johnson had an ongoing relationship with Gifford. At Johnson's invitation, and pursuant to a written agreement with her, Globe also lawfully recorded and videotaped portions of Johnson's sexual encounter with Gifford in a New York hotel. Based on this and related information, Globe published an expose story describing Gifford's extra-marital encounter with Johnson (the "Gifford Expose"). Globe's "exclusive" Gifford Expose, published in the May 20, 1997 edition of Globe Magazine, did not include any photographs of Johnson and Gifford together in New York. After Gifford (and his wife Kathy Lee Gifford) stridently denied the affair with Johnson, and accused Globe of fabricating the story, Globe published frames of the videotape to corroborate its expose in the earlier edition. The latter article and subsequent Globe

articles about Johnson distributed throughout the world were labeled "exclusive," thereby notifying readers and competitors that Globe had obtained exclusive rights to Johnson's story. A true and correct copy of Globe's Gifford Expose is attached to the original Complaint as Exhibit "2."

11. Because of Gifford's celebrity status as host of ABC Television's Monday Night Football Program, the Gifford Expose received widespread attention from readers and other members of the media. Publication of the Gifford Expose was widely attributed in the media to Globe.

12. As described above, pursuant to the Agreement, Globe was granted exclusive rights to Johnson's first hand expression of her relationship with Gifford and her dealings with Globe in connection with it, including the right to license Johnson's story to other publications for a fee.

13. In July 1997, Globe licensed a portion of its exclusive rights to Johnson's story to Playboy Magazine. Globe retained David Hans Schmidt ("Schmidt") as its agent to represent its interests and to broker the transaction with Playboy Magazine.

14. As Globe's agent, Schmidt was informed and had direct knowledge of the terms of Globe's Agreement with Johnson, and as recently as October, 1998, Globe Editor Tony Frost reminded Schmidt of Johnson's Confidentiality Agreement and other obligations under the Agreement.

15. Despite Schmidt's knowledge of the Agreement, Schmidt, upon information and belief, acting as an agent for Globe's principal competitor, National Enquirer, brokered a contract performed in Florida, which led to National Enquirer publishing an article containing Johnson's

4

first hand expression of her story. David Perel ("Perel"), who was at all times pertinent the Executive Editor and an agent of the National Enquirer, participated in the negotiations and signed an agreement with Schmidt purporting to acquire rights to publish Johnson's story.

16. With knowledge of the Agreement through its agent Schmidt, through Johnson's attorney and otherwise, National Enquirer published a front-page story in its January 12, 1999 edition (the "Enquirer Article") reporting the content of an "exclusive interview" given by Johnson to Enquirer's agent and Senior Reporter David Wright, which recounts Johnson's romantic encounter with Gifford from a first person perspective. The Enquirer Article was laced with a myriad of false statements of fact and derogatory comments targeting Globe. The Enquirer Article also contained the as of yet unpublished story about Johnson's dealings with the Federal Bureau of Investigation ("FBI") and Globe. A copy of the Enquirer Article is attached to this Complaint as Exhibit "3." The Enquirer Article was designed to harm Enquirer's direct competitor, Globe.

17. Upon information and belief, both Wright and Perel, knew about the Agreement between Johnson and Globe and knew that publication of the Enquirer Article would violate the terms of the Agreement between Johnson and Globe. Both Wright and Perel also knew that publishing the Enquirer Article would promote the National Enquirer's interests and at the same time disparage Globe and destroy the benefit of Globe's bargain with Johnson.

18. Globe never consented to any waiver of rights under the Agreement, any waiver of the duties of loyalty and confidence Schmidt owed to Globe or any publication of the Enquirer Article derived from its confidential information and its exclusive source. Moreover, Globe

never consented to disclosure of confidential, valuable and important aspects of Johnson's story that Globe had elected not to publish or had reported but decided to hold for later publication.

19. The Enquirer Article contains elements of Johnson's story that Globe retained as unpublished aspects of Johnson's story e.g., her subpoena from the FBI, her communications and dealings with Globe prior to Globe's Expose, and her feelings of remorse about the Gifford affair.

20. By its above conduct, the defendant has deprived Globe of the ability to exclusively write other articles about unpublished aspects of Johnson's story and to license for a fee aspects of the Johnson's relationship with Gifford and the events surrounding her story.

21. On December 30, 1999, Globe filed a related action in the United States District Court for the Central District of California against National Enquirer, David Wright, among others. After meeting and conferring with National Enquirer regarding its intended motion to transfer the action to the Southern District of Florida under 28 U.S.C. §1404 for forum non conveniens, Globe dismissed that action and now brings this action in this district.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACT

22. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant's conduct, as set forth above, constitutes an interference with the Agreement between Johnson and Globe, was intentionally designed to inflict economic harm upon Globe, and deprive Globe of the benefits of its bargain in the Agreement without any justification on the part of Defendant.

6

24.     Defendant's actions were wanton and willful and taken with the knowledge and specific intent to cause economic harm to Globe.

25.     As a direct and proximate result of Defendant's wrongful conduct, Globe has been significantly damaged.

WHEREFORE, Globe respectfully requests this Court to enter judgment in its favor and award damages to Globe together with interests, costs, attorneys' fees and such further relief as this Court deems just and proper.

## COUNT II

## MISAPPROPRIATION OF TRADE SECRETS

26.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

27.     Globe has and maintains certain proprietary information comprising trade secrets within the meaning of Florida Statutes Chapter 688. These trade secrets are important to the success of its business. These trade secrets include, but are not limited to, information, sources, methods and processes that have independent economic value that would be useful to competitors, suppliers, and others with whom Globe does business. Globe uses reasonable efforts under the circumstances to maintain the confidentiality of its trade secrets.

28.     Globe obtained and shared certain trade secrets with Johnson including the sums paid to her in exchange for various stories, Globe's methods of verifying the truthfulness of sources such as Johnson, and the details regarding Globe's interaction with Johnson with regard to her story about Gifford and the events unfolding after its publication.

29.     Globe obtained the Agreement from Johnson in order to protect its trade secrets.

30. Defendant had knowledge of Globe's Agreement with Johnson at all times relevant to the actions herein alleged and induced her to disclose Globe's trade secrets in violation of that Agreement and Florida Statutes Chapter 688.

31. Defendant, despite its knowledge of Johnson's Agreement with Globe, appropriated Globe's trade secrets and disclosed them in violation of the Agreement.

32. As a direct and proximate result of Defendants' wrongful conduct, Globe has been significantly damaged.

WHEREFORE, Globe respectfully requests this Court to enter judgment in its favor and award damages to Globe together with interests, costs, attorneys' fees pursuant Florida Statutes Chapter 688 and such further relief as this Court deems just and proper.

## COUNT III

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

33. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 21 above as if fully set forth herein.

34. Defendant, with knowledge of Globe's Agreement with Johnson and by engaging in the conduct described above, have tortiously interfered with Globe's prospective business relationships.

35. Defendant's action was and is willful, intentional and unprivileged and designed to inflict economic harm upon Globe, and deprive Globe of the benefits of its bargain in the Agreement, without any justification on the part of Defendant.

36. As a proximate result of Defendant's wrongful acts, Globe has been significantly damaged.

WHEREFORE, Globe respectfully requests this Court to enter judgment in its favor and award damages to Globe together with interests, costs, attorneys' fees and such further relief as this Court deems just and proper

## COUNT IV

## UNFAIR COMPETITION

37.  Paragraphs 1 through 21 above are incorporated by reference as if fully set forth herein.

38.  Defendant, with knowledge of Globe's Agreement with Johnson and by engaging in the conduct described above, has engaged in unfair competition with Globe.

39.  Defendant's actions were wanton and willful with the knowledge and specific intent to cause economic harm to Globe.

40.  As a proximate result of Defendants' wrongful acts, Globe has been significantly damaged.

WHEREFORE, Globe respectfully requests this Court to enter judgment in its favor and award damages to Globe together with interests, costs, attorneys' fees and such further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

GLOBE INTERNATIONAL, INC., respectfully demands a Jury Trial as to all issues so triable.

Dated this 18th day of February, 1999.

                                    Respectfully submitted,

BY _____
Mark J. Neuberger
Florida Bar No. 982024
Mary Leslie Smith
Florida Bar No. 774243
BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION
19495 BISCAYNE BLVD., SUITE 606
AVENTURA, FLORIDA 33180-2321
(305)933-5637
FAX: 933-2350
EMAIL: neubergermj@bipc.com

PILLSBURY MADISON & SUTRO LLP
Amy D. Hogue
Jason R. Erb
725 South Figueroa Street, Suite 1200
Los Angeles, California 90017
(213) 488-7100

**Attorneys for Globe International, Inc.**

154916

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE

JS 44
(Rev. 12/96)

# 99-8135 CIV-MORENO
## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
GLOBE INTERNATIONAL, INC., a Florida corporation,

### DEFENDANTS
NATIONAL ENQUIRER, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Canada
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark J. Neuberger, Esq., 19495 Biscayne Blvd., Suite 606, Aventura, Fl 33180
(305) 933-5637

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
BROWN

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Tortious interference with contractual relations, misappropriation of trade secrets FS 688; tortious intereference with prespective business relationship

LENGTH OF TRIAL
via __ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ In Excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE Ryskamp
DOCKET NUMBER 99-8072-CIV-RYSKAM

DATE: February 18, 1999

SIGNATURE OF ATTORNEY OF RECORD: Mark J. Neuberger
305-933-5637

FOR OFFICE USE ONLY
RECEIPT # 515655  AMOUNT $150.00  APPLYING IFP 02-18-99  JUDGE ____  MAG JUDGE ____